## KENNETH K. KOMEOTIS, Claimant and Appellant, v. WILLIAMSON FENCING, Employer, and State Compensation Insurance Fund, Defendant and Respondent.

No. 85-584.
Submitted on Briefs April 17, 1986.
Decided Feb. 18, 1987.
736 P.2d 93.

Bottomly & Gabriel, Joe Bottomly, Great Falls, for claimant and appellant.

Marra, Wenz, Johnson & Hopkins, Thomas A. Marra, Great Falls, for defendant and respondent.

MR. JUSTICE GULBRANDSON delivered the Opinion of the Court.

Kenneth Komeotis appeals from that part of a Workers' Compensation Court order which denies him a lump-sum payment of workers' compensation benefits. The dispositive issue on appeal is whether the District Court erred in applying Section 39-71-741, MCA, retroactively to appellant's request for a lump-sum payment.

We reverse and remand this case for proceedings consistent with this Court's decision in *Buckman v. State Comp. Insurance Fund* (Mont. 1986), [224 Mont. 318,] 730 P.2d 380, 43 St.Rep. 2216.

In February 1984, appellant suffered a work related injury which aggravated his degenerative arthritis. The respondent State Compensation Insurance Fund (State Fund) accepted liability and paid temporary total disability benefits to appellant. In May 1985, the State Fund converted appellant's benefits to permanent total disability benefits. Appellant requested that the Workers' Compensation Court grant him a lump-sum payment of a large part of his anticipated benefits.

The 1985 Montana Legislature amended Section 39-71-741, MCA, the statute governing the lump-sum conversion of workers' compensation benefits. The amendments codified prior Montana case law on lump-sum conversions. The Workers' Compensation Court, in this case, found that the 1985 amendments enacted new, stricter guidelines for the granting of lump-sum payments. The court found that the amendments profoundly changed the substantive law on such payments. The court then applied the new criteria from the 1985 amendments retroactively to appellant's case and denied him a lump-sum payment.

This Court handed down the *Buckman* decision (cited above) after the Workers' Compensation Court's ruling in the instant case. In *Buckman*, this Court specifically held that the statutory guidelines in the 1985 amendment to Section 39-71-741, MCA, could not be applied retroactively. Thus, the Workers' Compensation Court erred in applying the new statute to appellant's claim.

We decline to address the other issues appellant raises. Reversed and remanded for further proceedings.

MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES MORRISON, SHEEHY and HUNT concur.